R. English, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed July 12, 1920.

Where E. using the name of J. sends a telegram to A. asking for a remittance of money by wire to J. and the remittance made by wire to J. is delivered to K., an accomplice of E., the re-

ceipt for the money being signed by K. in J.'s name, and the money delivered by K. to E., Jones knowing nothing of the transaction, in an information charging E. with larceny of the money, the ownership of the money was not improperly alleged to be in J., and E. having received the money through his concerted fraud, may be convicted of larceny.

A Writ of Error to the Criminal Court of Record for Dade County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Gautier & Riley,* for Plaintiff in Erorr;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a judgment of conviction on a charge of grand larceny. It appears that English, in this State, using the name of A. L. Jones, sent a telegram to A. in another State, asking for a remittance by wire to A. L. Jones. The remittance was made by wire to A. L. Jones and the money was delivered in this State to an accomplice of English, one Kelly, who signed for it in the name of Jones and delivered the money to English. Jones knew nothing of the transaction. In making the remittance A. transferred the title to the money to Jones through the telegraph company as bailee. Possession of the money was delivered by the bailee to English through Kelly by reason of the fraud of English, in which Kelly participated. No title to the money passed to English and the possession obtained pursuant to a preconceived felonious intent to appropriate to his own use was larceny, because the fraud vitiates the transaction, and the money in pursu-

ance of the fraud was unlawfully taken from the lawful possession of the bailee of the owner with intent to feloniously appropriate it. The bailee gave no title to English. The ownership of the money was not improperly alleged to be in Jones to whom it was actually sent by A., and the possession fraudulently obtained from the bailee by Kelly was under the circumstances a fraudulent obtaining of possession from the bailee by English, who received the money from Kelly pursuant to the concerted fraud. See 17 R. C. L. 13, and cases cited; 2 Wharton's Crim. Law, p. 1351, Sec. 1126, 1167, and cases cited; People v. Miller, 169 N. Y. 339, 62 N. E. Rep. 418, 88 Am. St. Rep. 546, text 569; Commonwealth v. Collins, 12 Allen (Mass.) 181; 2 Bishop's New Crim. Law, §§ 812, 822.

Judgment affirmed.

BROWNE. C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.